### State v. Jones
*[Cite as 8 AOA 313]*

*Case No. 90 CA 3*
*Mahoning County, (7th)*
*Decided December 14, 1990*

*James A. Philomena, Prosecuting Attorney, Kathi McNabb Welsh, Asst. Prosecuting Attorney, Mahoning County Courthouse, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*Jan R. Mostov, Olde Courthouse Building, Canfield, Ohio 44406, for Defendant-Appellant.*

O'NEILL, P.J.

The defendant-appellant appeared for trial on the charge of aggravated burglary. Following a trial to the jury, the court imposed a sentence and a timely notice of appeal was filed with this court.

One of the prospective jurors, a Mr. Brown, during voir dire, was obviously and apparently qualified and, in fact, expressed the opinion that he could be a fair and impartial juror. At the conclusion of the questioning of Mr. Brown, the prosecutor expressed to the court that he would like to thank Mr. Brown and have him excused, apparently[1] the exercise of a peremptory challenge. At that point, the prospective jurors were cautioned and excused from the courtroom and counsel for the appellant stated to the court:

"Your Honor, at this time the Defendant would move for a mistrial based upon the fact that the only black juror in the array was dismissed on peremptory challenge by the state." (Tr. 12).

It had previously been established that Mr. Brown was a black man. The prosecution responded to this motion by stating:

"***The reasons that I decided to use the appropriate challenge to Mr. Brown was in the manner in which he seemed to respond to Mr. Bellamy's questioning, seemed somewhat hesitant.

"On his questionaire sheet, he left it almost completely blank, which I wondered why. That is why I went into the person (sic) life of Mr. Brown more than the other prospective jurors."

"Finally, the reason for my exercise of that peremptory challenge, that we had a suppression hearing last week in which one of the witnesses made a remark that I feel she made the remark, and it's going to come out at trial, as to what she said upon leaving her house, and it is my estimation I'that that might be prejudicial to someone of Mr. Brown's race. Whether Mr. Brown would take it and not be objective in the outside, I did not feel I could take a chance with that type of anticipated testimony that might come in." (Tr. 12-13).

Counsel for the appellant then stated to the court:

"For purposes of the record, it was not clear from what Mr. Pochiro referred to in the motion to suppress. As I recall the testimony, the witness, Mrs. Kleoudis, referred to a

nigger in her house when she called the Boardman Police Department." (Tr. 13-14).

The defendant was black, the potential juror was black. The prosecutor assumed that if the remark ascribed to the witness came out during trial that that juror might then be partial to the defendant because of their race.

It, is our opinion that this assumption was cause for a mistrial.

In the case of *Batson v. Kentucky* (1986), 476 U.S. 79, the Supreme Court, in considering the peremptory removal of prospective jurors, because of their race, set forth the elements which a defendant must establish for a *prima facie* case of purposeful discrimination. The court then went on to rule that after these elements had been met "the prosecutor may not rebut a *prima facie* showing by stating that he challenged the jurors on the *assumption* that they would be partial to the defendant because of their shared race or by affirming his good faith in individual selections." (Emphasis added).

In the case at hand, the prosecutor assumed that the prospective juror would be partial to the defendant because of their shared race and that this partiality would come to the forefront when the offensive remark arose during the presentation of evidence.

The judgment of the trial court is vacated and this cause is remanded for further proceedings according to law.

DONOFRIO, J., concurs.

COX, J., concurs.